1  AARON A. BUCKLEY (SBN 202081)
   abuckley@paulplevin.com
2  DANI NGUYEN FRANKE (SBN 262053)
   dfranke@paulplevin.com
3  **PAUL, PLEVIN, SULLIVAN &**
   **CONNAUGHTON LLP**
4  101 West Broadway, Ninth Floor
   San Diego, California 92101-8285
5  Telephone: 619-237-5200
   Facsimile:  619-615-0700
6
7  Attorneys for Defendant Skaled
   Consulting, LLC

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 KATIE TRUJILLO, an individual,          Case No.  **'21 CV 1106 CAB BGS**

12              Plaintiff,                  [Superior Court of the State of
                                            California, County of San Diego
13        v.                                Case No. 37-2021-00018005-CU-WT-
                                            CTL]
14 SKALED CONSULTING, LLC, a.
   Texas limited liability company doing    **NOTICE OF REMOVAL**
15 business in California; DOES 1-50,
   Inclusive,                               Trial Date:     Not Set
16
17              Defendants.

18

19      TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL

20 PARTIES AND THEIR ATTORNEYS OF RECORD:

21      PLEASE TAKE NOTICE that Defendant Skaled Consulting, LLC ("Skaled")

22 hereby removes this action from the Superior Court of California for the County of

23 San Diego, to this Court.  The state court action is a civil action over which this

24 Court has diversity jurisdiction under 28 U.S.C. § 1332(a).  Therefore, Skaled may

25 remove the state court action to this Court pursuant to 28 U.S.C. § 1441.

26 **I.    CASE HISTORY**

27      1.    On February 18, 2021, Plaintiff Katie Trujillo's counsel, The Law

28 Office of Matt Blum, sent Skaled a Notice of Pending Litigation and Confidential

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP                                                    Case No. TBD

Settlement Communication.  Declaration of Jake Dunlap ("Dunlap Dec.") ¶ 4, attached hereto as **Exhibit A**.  Attached as **Exhibit B** is a true and correct copy of Mr. Blum's February 18, 2021 letter to Skaled.

2.      On April 22, 2021, Trujillo filed an action in the Superior Court of the State of California for the County of San Diego entitled *Trujillo v. Skaled Consulting, LLC* and assigned Case Number 37-2021-00018005-CU-WT-CTL (the, "Action").  A true and correct copy of the Complaint and supporting documents is attached hereto as **Exhibit C**.  Other than the attached Exhibit C, Skaled is not aware of any other documents relative to this Action in the state court case file.

3.      On April 23, 2021, Mr. Blum sent a Summons, Complaint, and a Notice of Acknowledgement and Receipt for the Action to Skaled's counsel, Larry Peikes with Wiggin and Dana LLP.  Attached as **Exhibit D** is a true and correct copy of Mr. Blum's April 23, 2021 email to Mr. Peikes; Exh. A (Dunlap Dec., ¶ 5).

4.      On May 13, 2021, Mr. Peikes executed and returned to Mr. Blum a Notice of Acknowledgment of Receipt, of which a true and correct copy is attached hereto as **Exhibit E**.  Exh. A (Dunlap Dec., ¶ 6).

5.      In accordance with 28 U.S.C. section 1446(d), Skaled's counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Trujillo's counsel and filed with the Clerk of the Superior Court of California, County of San Diego.  Therefore, all procedural requirements under 28 U.S.C. section 1446 have been satisfied.

## II.     DIVERSITY JURISDICTION

1.      Federal district courts have original jurisdiction:

> [W]here the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States; [or]
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between

citizens of a State and citizens or subjects of a foreign state
who are lawfully admitted for permanent residence in the
United States and are domiciled in the same State;

28 U.S.C. § 1331(a).  An action may be removed from state court to federal district court where the district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (citing *Williams v. Caterpillar Tractor Co.*, 786 F.2d 928, 940 (9th Cir. 1986).

2.  <u>Plaintiff's Citizenship</u>.  As alleged in the Complaint, the "underlying events in this matter occurred" while "Plaintiff was working remotely for Defendant while domiciled in California."  Exh. C (Complaint ¶ 3).  Plaintiff also alleges that at "all relevant times herein, Plaintiff resided at leased apartments in the Chula Vista/Eastlake Area."  (*Ibid*.)  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Many courts find that residency is prima facie evidence of domicile.  *Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 885-86 (9th Cir. 2013).  Trujillo therefore contends that she is citizen of the State of California.[1]

3.  <u>Defendant's Citizenship</u>.  For purposes of diversity jurisdiction, a limited liability corporation is a citizen of all states where its members are citizens.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  During all relevant times, including at the time Trujillo filed this Action, Skaled was organized in New York, had its principal place of business and headquarters in Texas, and Skaled's sole member, Jake Dunlap, has been domiciled in Texas.  Exh. A (Dunlap Dec., ¶ 2).  Accordingly, Skaled is a Texas citizen.

/ / /

[1] In removing a state court matter to federal court, defendants are required only to provide a short and plain statement alleging a plaintiff's citizenship, which can be based solely on information and belief.  *Ehrman v. Cox Communications, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019.)

4.   <u>Doe Defendants</u>.  Although Trujillo has also named fictitious defendants "DOES 1 to 50," 28 U.S.C. section 1441(a) provides, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."  *See also Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of "Doe" defendants does not deprive the Court of jurisdiction.

6.   Accordingly, complete jurisdiction exists for purposes of removal.

## III.   AMOUNT IN CONTROVERSY

1.   A defendant may remove a case to federal court pursuant to 28 U.S.C. section 1332(a) on the grounds that the amount in controversy exceeds $75,000 when the plaintiff fails to set forth any specific damage amount.  *See, e.g., Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002).

2.   Removal is appropriate when it is more likely than not that the amount in controversy exceeds the jurisdictional requirement.  *Id.* at 839 (setting forth the "preponderance of the evidence" standard).

3.   This Action involves Trujillo's claims against Skaled for: (1) violation of California Labor Code section 1102.5(b), (2) wrongful termination in violation of public policy, and (3) failure to pay all wages due at termination in violation of California Labor Code sections 201, 203, and 227.3.  Trujillo's prayer for relief seeks an award of general damages, special damages, punitive damages, attorneys' fees and costs, statutory fines and penalties, pre-judgment interest, and other relief a court may deem proper.  Exh. C (Complaint, Prayer for Relief).

4.   Without conceding that Trujillo is entitled to or could recover damages in any amount, the amount in controversy for Trujillo's claims is well in excess of $75,000, exclusive of interest and costs.

5.   If damages are not clearly specified in the pleadings, then courts may rely upon a variety of documents, including written settlement demands.  *See, e.g., Arellano v. Home Depot U.S.A., Inc.*, 245 F. Supp. 2d 1102, 1108 (S.D. Cal. 2003)

(same);  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim).  Here, on February 18, 2021, Trujillo's counsel of record sent Skaled a pre-litigation settlement demand letter representing that Trujillo was entitled to $97,500 for twelve months of past and future lost wages, $97,500 for emotional pain and suffering, $10,000 in accrued vacation pay and thirty days in waiting time penalties, and $5,000 in attorneys' fees incurred to date, totaling $210,000 in alleged damages.  Exh. B; Exh. A (Dunlap Dec., ¶ 4).  Although Skaled contests liability, it believes the demand letter represents a good faith estimate of the amount in controversy.

6.     Additionally, Trujillo's employment with Skaled ended on December 11, 2020.  Exh. C (Complaint ¶ 15).  Skaled earned $70,000 per year at the time she was terminated.  Exh. A (Dunlap Dec., ¶ 3).  Thus, before any punitive or special damages or attorneys' fees are considered, based on the allegations in Trujillo's Complaint and conservatively estimating a trial date eighteen months from now, Trujillo's lost wages resulting from her termination are at least, and likely will exceed, $75,000 (daily salary of $191.78 x 591 days [April 22, 2021 to December 4, 2022] is $113,341.98).

7.     Additionally, Trujillo seeks recovery of general damages for emotional distress.  Exh. C (Complaint ¶¶ 22, 30).  Although Plaintiff does not quantify these damages in her Complaint, emotional distress damages can be considered when calculating the amount in controversy even when the pleadings are vague as to the amount sought.  *See Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) ("The vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial.").

8.     Trujillo also requests an unspecified amount of punitive damages.  Exh. C (Complaint, Prayer for Relief).  Therefore, in addition to compensatory damages

referenced above, Trujillo's claims for punitive damages are part of the amount in controversy when determining diversity jurisdiction. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 956 (9th Cir. 2001).

9. Further, Trujillo seeks recovery of her attorneys' fees under California Labor Code section 1102.5, California Code of Civil Procedure section 1021.5, and California Labor Code section 218.5, which authorizes attorneys' fees. Exh. C (Complaint, ¶¶ 24-25, 32, 43, Prayer for Relief). Trujillo's claim for attorneys' fees are also a part of the amount in controversy for purposes of diversity jurisdiction. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("When the underlying substantive law provides for the award of attorneys' fees, a party may include that amount in their calculation of the amount in controversy.")

10. The cumulative forms and categories of relief sought are sufficient to carry Skaled's burden of proof that the amount in controversy exceeds $75,000. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (affirming denial of remand where plaintiff sought common law and statutory damages, punitive damages, restitution and attorneys' fees because even "conservatively estimated," the allegations met the threshold); *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (affirming denial of remand because "it was 'more probable than not' that the lengthy list of compensatory and punitive damages sought by [plaintiff], when combined with attorney's fees, would exceed $75,000"); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (finding it is "common sense" that a claim involving punitive damages alleges more than the jurisdictional minimum then set at $50,000).

11. Because there is complete diversity and the amount in controversy exceeds $75,000, this Court can exercise diversity jurisdiction and this Action is removeable.

/ / /

/ / /

1    WHEREFORE, Skaled prays the above action now pending against it in the

2    Superior Court of the State of California for the County of San Diego be removed to

3    this Court.

4    Dated:  June 14, 2021                    PAUL, PLEVIN, SULLIVAN &
                                             CONNAUGHTON LLP
5

6

7                                            By:  _____
                                                      /s/ Aaron A. Buckley
8                                            AARON A. BUCKLEY
                                             DANI NGUYEN FRANKE
9                                            Attorneys for Defendant Skaled Consulting,
                                             LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

**Katie Trujillo v. Skaled Consulting, LLC**
**Case No. INSERT**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

On June 14, 2021, I served true copies of the following document(s) described as **NOTICE OF REMOVAL; CIVIL COVER SHEET** on the interested parties in this action as follows:

Matt Blum, Esq.                    *Attorneys for Plaintiff*
THE LAW OFFICE OF MATT BLUM    *KATIE TRUJILLO*
550 West C Street, Suite 960
San Diego, CA 92101
Tel.: (860) 271-6273
Fax: (619) 238-1351
Email: mblumlaw@gmail.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address dbaranowski@paulplevin.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 14, 2021, at San Diego, California.

Deborah Baranowski