UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATIE TRUJILLO, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>SKALED CONSULTING, LLC, a Texas limited liability company doing business in California; DOES 1-50, Inclusive,<br><br>    Defendant. | Case No.:  21cv1106-CAB-BGS<br><br>**ORDER REGARDING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [Doc. No. 8]** |

On July 23, 2021, Defendant Skaled Consulting, LLC filed a motion to dismiss the First Amended Complaint ("FAC").  [Doc. No. 8.]  On August 10, 2021, Plaintiff Katie Trujillo filed an opposition.  [Doc. No. 9.]  On August 20, 2021, Defendants filed a reply.  [Doc. No. 10.]

ALLEGATIONS OF FIRST AMENDED COMPLAINT

Trujillo alleges that during all relevant times, she worked for Skaled remotely from California, starting in April 2019 as a "consultant" and before being hired as a "human resources coordinator" one year later in April 2020. FAC ¶¶ 8-9. "[A]fter having been given the human resources position," Trujillo began to "point out issues with respect to how [Skaled] was paying and misclassifying their employees" and other employment-

1

related concerns. *Id*. at ¶ 11. She alleges she was retaliatorily discharged in December 2020, in violation of California Labor Code Section 1102.5(b), California Government Code Section 12940(h)("FEHA"), and 28 U.S.C. Section 215(a)(3) ("FLSA") for having made the following Disclosures:

<u>First Disclosure</u>: Trujillo alleges that as a human resources coordinator, she had received "multiple verbal complaints about past incidents" from female employees regarding sexually harassing conduct by Jake Dunlap, Skaled's Chief Executive Officer. *Id*. at ¶ 9. Trujillo informed multiple supervisors at Skaled, including Dunlap, that she believed the complaints she had received from third parties amounted to unlawful sexual harassment. *Id*. at ¶ 10.

<u>Second Disclosure</u>: Trujillo told her supervisors (Dunlap, Matt Lopez, and Franklin Williams) that "multiple [unidentified] Texas-based employees were underpaid as a result of the company's intentional failure to generate basic contracts honoring the offers that they had made at the time of hire." *Id*. at ¶ 12. Trujillo informed Dunlap, Lopez, and Williams that this violated Texas Labor Code § 61.015 and Lopez and Williams "stated that they were unaware of these issues until brought to their attention by Trujillo." *Id*.

<u>Third Disclosure</u>: Trujillo informed Dunlap, Lopez, and Williams that changing California-based employee Chuck Brotman's status from a California employee to a 1099 independent contractor violated various California labor laws and the FLSA's minimum wages requirement. *Id*. at ¶¶ 12, 13. All three of her superiors stated "they were unaware of this issue."

<u>Fourth Disclosure</u>: While doing a "compensation audit and organization structure," Dunlap asked Trujillo to "compile all current variable compensation plans according to each employee's offer letter that had been signed" because he "wanted to amend variable compensation plans for regular employees in time for the new payout quarter." *Id*. at ¶ 14. Trujillo responded to Dunlap that "each offer letter/contract stated variable compensation changes needed to be given at least 90 days-notice before they took effect,"

and "Dunlap then said he was going to start paying commissions and variable compensation based on only the invoiced amount from the client as opposed to the total deal closed." *Id*. After Dunlap overruled Trujillo's objections, Trujillo told Lopez and Williams that these unilateral changes violated Texas Labor Code § 61 et seq. and the FLSA's minimum wages requirement. Id. Lopez and Williams were allegedly "not aware of the changes being made by Dunlap." *Id*.

<u>Fifth Disclosure</u>: Trujillo alleges that Lopez moved two consultants, Krissy Manzano and Taylor Davis, "back and forth from 1099 to regular part-time employee" to "qualify for additional COVID loans and assistance." *Id*. at ¶ 15. Trujillo claims that she "reasonably believed that Manzano and Davis were Texas employees as they regularly performed sales work in Texas and attended company meetings in Texas." *Id*. at ¶ 16. Trujillo disclosed to "her three supervisors, Dunlap, Lopez and Williams that these practices of misclassification" were violating various Texas labor laws and the FLSA's minimum wage requirement. FAC ¶ 16.

<u>Sixth Disclosure</u>: Trujillo alleges that employee Libby Freeman was not paid all commissions allegedly owed upon her separation in December 2020. *Id*. at ¶ 17. Trujillo believed Freeman "was due a 5% commission on a deal worth $160,000" and emailed "Dunlap to let him know and asked him if he'd like to pay her at termination." *Id*. Dunlap told Trujillo not to make the payment, and Trujillo informed him that failing to do so violated Texas Labor Code § 61 et seq. and the FLSA's minimum wage requirements. *Id*. Trujillo lodged this complaint with Dunlap and Lopez. Id.

## LEGAL STANDARD

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of

material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000).

Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." *Id.* at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. *Id*. at 678 (citations and internal quotation marks omitted).

## DISCUSSION

A.  Labor Code section 1102.5(b).

Defendant argues that Plaintiff's disclosures do not reveal "unknown" facts sufficient to be a protected "Whistleblower" disclosure.  [Doc. No. 8-1 at 12-14.]

California Labor Code Section 1102.5(b) prevents an employer from retaliating against an employee for disclosing information to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, if the employee has reasonable cause to believe that the information discloses a violation of a state, federal, or local law. To establish a prima facie case for retaliation under Section 1102.5, an employee must show that (1)[s]he engaged in protected activity, (2) [s]he was thereafter subjected to an adverse employment action by [her] employer, and (3) there was a causal link between the protected activity and the adverse employment action. *Morgan v. Regents of the Univ. of Cal.*, 105 Cal. Rptr. 2d 652, 666 (Ct. App. 2000).

"Protected activity" under Section 1102.5(b) requires: (1) a disclosure; (2) based on reasonably based suspicions; (3) of illegal activity. *Johnson v. Johns Hopkins Univ. Applied Physics Lab. LLC*, 2013 WL 4046668, at *6 (S.D. Cal. Aug. 8, 2013) (citing *Mokler v. Cty. of Orange*, 68 Cal. Rptr. 3d 568, 580 (Ct. App. 2007)).

Under California law "disclosure" within the meaning of § 1102.5(b) "means to reveal something that was hidden and not known." *Mize-Kurzman v. Marin Cmty. Coll. Dist.*, 202 Cal. App. 4th 832, 866 (2012)(finding no violation because "Plaintiff was not disclosing any previously unknown or hidden conduct, practice or policy, but only her view that the known policy was not lawful."). *Accord, Lindsey v. Clatskanie People's Utility District*,140 F.Supp.3d. 1077, 1092–1093 (D.Or. 2015) [" 'the disclosure must reveal previously unknown conduct in order to be protected activity; it is insufficient to merely identify or label conduct which is known to have occurred as either unlawful or improper' "].) A complaint about illegal conduct made to a supervisor who engaged in the misconduct is not a "disclosure" and is not protected whistleblowing activity, as the recipient already knows about his or her own wrongdoing. *Mize-Kurzman*, 202 Cal.App.4th at 859.[1]

First Disclosure: Here, the FAC alleges that Plaintiff complained to Dunlap, Lopez and Williams about conduct between Dunlap and various female employees. Any complaint to Dunlap, the alleged wrongdoer, is not a protected disclosure. *Id.* Therefore, the motion to dismiss is **GRANTED WITHOUT LEAVE TO AMEND** as to complaints made to Dunlap about Dunlap's alleged sexual harassment. The FAC specifically alleges that Lopez and Williams were not aware of the alleged sexual harassment conduct. [FAC ¶10.] Therefore, complaints to them about Dunlap's alleged harassment are protected disclosures. Accordingly, the motion to dismiss is **DENIED** as to complaints made to Lopez and Williams about Dunlap's alleged sexual harassment.

Disclosures 2-6: As for the remaining disclosures, while somewhat varied in specificity, the FAC sufficiently alleges that Plaintiff complained about various payroll practices that were previously unknown to some or all of the managers and thus

---

[1] The Court declines to consider matters outside the allegations of the FAC. Therefore, Defendant's request for judicial notice [Doc. No. 8-2] and Plaintiff's request to consider the two employee declarations [Doc. No. 9 at 5] are **DENIED**.

constitute protected disclosures.[2]  Therefore, the motion to dismiss as to the remaining disclosures is **DENIED.**

B. Cal. Gov't Code section 12940(h)(FEHA).

Defendant argues Plaintiff has not engaged in FEHA protected activity because the alleged wrongful conduct occurred outside of California.  [Doc. No. 8-1 at 14-15.]

State law embodies a presumption against extraterritorial application of its own statutes. *Diamond Multimedia Sys., Inc. v. Superior Court*, 19 Cal.4th 1036, 1059 (1999) (*citing North Alaska Salmon Co. v. Pillsbury*, 174 Cal. 1 (1916). In *North Alaska Salmon Co.*, the California Supreme Court found California worker's compensation statute in effect at the time did not allow compensation for out-of-state injuries, because no "such intention [was] clearly expressed or reasonably to be inferred 'from the language of the act or from its purpose, subject matter or history.' " *North Alaska Salmon Co.*, 174 Cal. at 4. Applying similar rationale to FEHA claims, California courts have found that FEHA does not apply to nonresidents employed outside the state when the tortious conduct did not occur in California. *Campbell v. Arco Marine*, 42 Cal.App.4th 1850, 1859 (1996). Therefore, to properly plead a FEHA claim, a plaintiff must sufficiently allege the tortious conduct occurred in the state of California. *Dodd–Owens v. Kyphon, Inc.*, No. C 06–3988, 2007 WL 420191, at *3 (N.D.Cal. Feb. 5, 2007). Moreover, in finding FEHA has no extraterritorial application, the California Appellate Court has stated that residency, state of employment contract, and place of termination are not material elements of a FEHA claim and insufficient to overcome the extraterritorial presumption. *Guillory v. Princess Cruise Lines, Ltd.*, B192233, 2007 WL 102851 (Cal.Ct.App. Jan.17, 2007).

---

[2] Should discovery reveal that the managers were previously aware of the payroll practices but not their illegality, then these would not be protected disclosures.  *Mize-Kurzman*, 202 Cal.App.4th at 866.

FEHA can, however, apply to California residents where the tortious conduct at issue occurred partially in the state of California and partially or mostly outside the state of California. *See Rulenz v. Ford Motor Company*, No. 10cv1791-GPC-MDD, 2014 WL 50807, at *5 (S.D. Cal. Jan. 7, 2014)(motion to dismiss denied where plaintiff alleged that she paid California state income taxes and performed significant amount of her work assignments in California while also working for the defendant in Nevada). Here, Plaintiff's FAC includes allegations that Plaintiff performed her work while domiciled in California. In addition, when Plaintiff opposed the alleged unlawful conduct, she was in California. [FAC ¶¶ 3, 9-10.] Therefore, while the alleged sexual harassment and other wrongful conduct may have occurred elsewhere, the "protected activity" occurred in California. Drawing all reasonable inferences in favor of Plaintiff, these allegations raise a plausible case for applying FEHA to Plaintiff's claims. *Rulenz*, 2014 WL 50807 at *5 (*citations omitted*). For these reasons, the Court **DENIES** Defendant's motion to dismiss Plaintiff's FEHA claims.

C. 29 U.S.C. section 215(a)(3)(FLSA).

Defendant argues Plaintiff has not engaged in protected activity under FLSA because, as a human resources professional, any complaints she made about payroll practices would not have put Defendant on notice of a potential retaliation claim. [Doc. No. 8-1 at 15-17.]

The FLSA provides that it is unlawful for an employer

> to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee[.]

29 U.S.C. § 215(a)(3). The FLSA defines "employee" as "any individual employed by an employer" and, in turn, defines "employ" as including "to suffer or permit to work." *Id*. § 203(e)(1), (g). Although a human resources manager, Plaintiff meets the broad statutory definition of "employee."

"[B]ecause the FLSA is a remedial statute, it must be interpreted broadly." *Lambert v. Ackerley*, 180 F.3d 997, 1003 (9th Cir.1999) (en banc). Moreover, this specific statutory provision broadly encompasses the filing of "any complaint." 29 U.S.C. § 215(a)(3)(emphasis added); *see Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 131 S.Ct. 1325, 1332 (holding that "the phrase 'any complaint' suggests a broad interpretation"). But the FLSA "also seeks to establish an enforcement system that is fair to employers." *Kasten*, 131 S.Ct. at 1334. "To do so, the employer must have fair notice that an employee is making a complaint that could subject the employer to a later claim of retaliation." *Id.* Whether a complaint has been filed that provides adequate notice to the employer is a question "to be resolved as a matter of factual analysis on a case-by-case basis." *Lambert*, 180 F.3d at 1008.

Here, Plaintiff has sufficiently alleged that she told the managers that certain payroll practices violated the FLSA. [FAC ¶¶13, 14 and 17.] The fact that Plaintiff was a human resources professional is a factor to consider when determining, at an evidentiary level, whether her complaints put the managers on notice that she was asserting rights protected by the FLSA versus merely engaging in her normal duties. *See Rosenfield v. GlobalTranz Enterprises, Inc.*, 811 F.3d 282, 288 (2015). Therefore, the motion to dismiss the FLSA claim is **DENIED.**

## CONCLUSION

For the reasons set forth above, the motion is **GRANTED IN PART AND DENIED IN PART**. Defendant shall <u>answer</u> the FAC, as amended by this order, by **November 4, 2021**.

**IT IS SO ORDERED.**

Dated: September 13, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge